132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ophelia MURADIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70439, Adv-bhl-fjq.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.
Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ophelia Muradian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") decision denying her applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition for review.
 
 
 3
 We review the factual determinations underlying the BIA's decision for substantial evidence and the BIA's decision should not be reversed absent compelling evidence of persecution. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Muradian contends that the BIA's determination that she failed to establish past persecution or a well-founded fear of persecution based on her religion, the Krishna Consciousness, by those adhering to the Christian Orthodox Church, is not supported by substantial evidence. This attention lacks merit.
 
 
 5
 Muradian bases her claim for asylum on the following facts: (1) while attending a university in Armenia, she experienced discrimination, prompting her to withdraw from the university; (2) in 1982, her father was detained for 24 hours by the KGB for distributing Krishna literature in a park; (3) she observed Krishna psychiatric patients in a clinic being fed a diet not conforming to the tenets of Krishna Consciousness; and (4) in 1984, her father lost his job because of his frequent complaints regarding the treatment of Krishna patients. Muradian left Armenia for the United States in August 1991.
 
 
 6
 Substantial evidence supports the BIA's determination that Muradian failed to establish eligibility for asylum. First, because she was never threatened, detained, jailed or physically harmed, she cannot establish past persecution. See Desir v. Ilchert 840 F.2d 723, 726-27 (9th Cir.1988) (stating that persecution requires the infliction of suffering or harm).
 
 
 7
 Second, she did not adduce sufficient evidence to support an objectively reasonable well-founded fear of future persecution. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). While Muradian may have experienced and witnessed discrimination, "[p]ersecution is, an extreme concept, which Ordinarily does not include '[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be.' " Fisher v. INS., 79 F.3d 955, 961 (9th Cir.1996) (en banc) quoting Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir1995). Moreover, mistreatment of family members does not establish a well-founded fear of persecution absent a pattern of persecution tied to the alien. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Here Muradian fails to provide any nexus between herself and the mistreatment experienced by her father. See id.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. L04-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a